GREENBERG TRAURIG, LLP
KATHLEEN E. FINNERTY (SBN 157638)
MARC B. KOENIGSBERG (SBN 204265)
1201 K STREET, SUITE 1100
Sacramento, California 95814
Tel: (916) 442-1111
Fax: (916) 448-1709
FinnertyK@gtlaw.com
KoenigsbergM@gtlaw.com

Attorneys for Defendant
Cash America Net of California, LLC
dba CashNetUSA (sued erroneously herein
as CashNetUSA dba Cash America
Net of California, LLC)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EUGENE DALTON,<br><br>           Plaintiff,<br><br>vs.<br><br>CASHNETUSA d/b/a CASH AMERICA NET OF CALIFORNIA, LLC,<br><br>           Defendant. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441(b), 1446 and 1453**<br>**(Federal Question)**<br><br><br>TRIAL DATE:      None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

　　**PLEASE TAKE NOTICE** that defendant Cash America Net of California, LLC dba CashNetUSA (sued erroneously herein as CashNetUSA dba Cash America

Net of California, LLC) ("CashNetUSA") hereby removes to this Court the state court action described below:

1.    On June 27, 2007, plaintiff Eugene Dalton ("Plaintiff") commenced an action against CashNetUSA in the Superior Court of the State of California for the County of Santa Clara, Case Number 107 CV088846, entitled *Dalton v. CashNetUSA dba Cash America Net of California, LLC* by filing a Complaint, a true and correct copy of which is attached hereto as Exhibit "A".

2.    Plaintiff's Complaint alleges violations of certain provisions of California's Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 *et seq.*), including violations of certain provisions of the federal Fair Debt Collections Practices Act (15 U.S.C. § 1692b – 15 U.S.C. § 1692j, inclusive) as they are incorporated into Civil Code section 1788.17.  Plaintiff's allegations arises out of Plaintiff's borrowing of money from CashNetUSA on or about April 24, 2006, Plaintiff's subsequent breach of his loan agreement with CashNetUSA, and CashNetUSA's later sending of a demand for payment to Plaintiff on or about June 28, 2006.

3.    CashNetUSA was served with a copy of the Summons and Complaint on July 2, 2007, and has not yet responded to the Complaint.

4.    This Court has federal question original jurisdiction over this matter.  The above-entitled action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court by CashNetUSA pursuant to the provision of the 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443 in that it appears from the Complaint that Plaintiff has alleged violations of federal statutes, and therefore Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

5.    Plaintiff's Complaint alleges CashNetUSA is liable to him for various unlawful debt collection practices in violation of state and federal law.  Plaintiff's Complaint alleges violations of the federal Fair Debt Collections Practices Act (15 U.S.C. § 1692b – 15 U.S.C. § 1692j, inclusive) as they are incorporated into state law in

1   Civil Code section 1788.17.  The adjudication of these claims involve necessary,

2   substantial and disputed questions of federal law.

3         6.     Pursuant to 28 U.S.C. §1446(a), and in accordance with all applicable Local

4   Rules for the United States District Court for the Northern District of California, this

5   petition for removal is accompanied by a copy of the complete file from the state court

6   proceeding, which includes the complaint and the summons attached here as Exhibits A

7   and B.  A complete copy of the state court file is attached here as Exhibit C.

8         7.     Simultaneously with the filing of this petition, CashNetUSA filed a Notice

9   of Removal with the Clerk of the Superior Court of California, County of Santa Clara,

10  and served a copy of that Notice on the Plaintiff.  A copy of that Notice is attached here

11  as Exhibit D.

12        8.     Venue is proper in this Court because the action is being removed from the

13  Superior Court in and for the County of Santa Clara.

14        9.     The undersigned counsel for CashNetUSA has read the foregoing and signs

15  the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as

16  required by 28 U.S.C. § 1446(a).

17        WHEREFORE, defendant CashNetUSA prays that the above action now pending

18  against it in the Superior Court of the County of Santa Clara be removed to this Court.

19  DATED: August _/_ , 2007        GREENBERG TRAURIG, LLP

20

21

22                  By: _Marc B. Koenigsberg_

23                      Kathleen E. Finnerty
                        Marc B. Koenigsberg

24                      Attorneys for Defendant
                        Cash America Net of California, LLC

25                      dba CashNetUSA (sued erroneously herein
                        as CashNetUSA dba Cash America

26                      Net of California, LLC)

27

28

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441(b), 1446 and 1453

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1201 K Street, Suite 1100, Sacramento, CA 95814** .

On **August 1, 2007**, I served the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441(b), 1446 and 1453** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Ronald Wilcox, Esq.
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Telephone: (408) 296-0400
Facsimile: (408) 296-0486

☒ **(BY MAIL)**

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Sacramento, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Sacramento, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY FACSIMILE)**

On Type Date here, I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**

I delivered such envelope by hand to the offices of the addressee. Executed on Type Date here, at Sacramento, California.

☒ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 1, 2007**, at Sacramento, California.

Jolene M. Gordo

**EXHIBIT A**

JUN-28-2007(THU) 15:10    ONE LEGAL, INC.                    (FAX)1+510+873+0984        P. 004/019

1  Ronald Wilcox, Esq., 176601
2  2160 The Alameda, First Floor, Suite F
   San Jose, CA 95126
   Tel: (408) 296-0400
3  Fax: (408) 296-0486

4  ATTORNEY FOR PLAINTIFF

ENDORSED

2007 JUN 27 PM 2:00

CLERK OF THE CO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
                    DEPUTY
BY
            B. CHOPOFF

5

6        SUPERIOR COURT OF THE STATE OF CALIFORNIA
            IN AND FOR THE COUNTY OF SANTA CLARA
7                 (Unlimited Jurisdiction Division)
                    (Demand Exceeds $25,000)
8

9   EUGENE DALTON,                    )
                                      )
10            Plaintiff,              )
                                      )
11        v.                          )   Civil Action No. **107   CV088846**
                                      )
12  CASHNETUSA d/b/a CASH AMERICA     )   **VIOLATIONS OF CALIFORNIA FAIR**
13  NET OF CALIFORNIA, LLC,           )   **DEBT COLLECTION PRACTICES ACT –**
                                      )   **CIVIL CODE § 1788**
14            Defendant.              )
                                      )
15

16                   **COMPLAINT**

17                **DEMAND FOR JURY**

18

19                I. INTRODUCTION

20  1.   Plaintiff brings this complaint to redress Defendant's violations of the Rosenthal Fair

21       Debt Collection Practices Act, California Civil Code § 1788 (hereinafter "state Act"),

22       which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

23       Plaintiff alleges that Defendant sent letters that were false, deceptive, and misleading, in

24       violation of the debt collection laws.

25



1

10937682.tif - 6/28/2007 3:11:27 PM

2.    The act prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Pursuant to Cal. Civil Code § 1788.1:  (a) The Legislature makes the following findings:

(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## II.    JURISDICTION AND VENUE

3.    The court has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which allows enforcement in any court of competent jurisdiction.

4.    This Court has jurisdiction over each defendant named herein because, based on information and belief, each defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, otherwise intentionally avails itself of the California market through promotion, sale, marketing, and distribution of goods and/or services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5.    Venue is proper because Defendant regularly conducts business in Santa Clara County, and the debt collection contacts all occurred in Santa Clara County.

## III.    PARTIES

2

6.   Plaintiff EUGENE DALTON (hereinafter "Mr. Dalton") is a natural person residing in the city of San Jose, County of Santa Clara, California at the time the collection letters were sent.

7.   Mr. Dalton is a "debtor" as defined by Cal. Civil Code § 1788.2.

8.   Defendant CASHNETUSA d/b/a CASH AMERICA NET OF CALIFORNIA, LLC (hereinafter "CashNet"), is a Delaware corporation with its principal place of business located at 200 W. Jackson Street, Suite 2400, Chicago, IL 60606.

9.   CashNet regularly engages in the business of collecting debts on behalf of itself here in California.

10.  CashNet is a "debt collector" as defined by California Civil Code § 1788.2(c).

11.  At all times herein mentioned, each Defendant was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

## IV. FACTUAL ALLEGATIONS

12.  Plaintiff Eugene Dalton (hereinafter "Mr. Dalton") incurred a financial obligation to CashNet. The debt was primarily incurred for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.  On or about June 28, 2006, CashNet sent a collection letter to Mr. Dalton in an attempt to collect a debt or collect payment on a debt. A true and correct copy of the June 28, 2006 collection letter is attached to the herein complaint as **Exhibit 1**.

14.  **Exhibit 1** contained a header that reads:

3

10937682.tif - 6/28/2007 3:11:27 PM

# Demand For Payment

15.  **Exhibit 1** reads in part:

"If you do not resolve this matter immediately, your standing with other companies may be hurt and you may have trouble qualifying for an advance with us as well as with other providers in the future. Additionally, if we do not hear from you regarding this notice, we may pursue collections through the use of a third party collection agency and/or civil court proceedings.

You must contact us immediately to resolve this matter. In order to avoid further additional costs to you, we need to hear from you within (5) days from the receipt of this notice."

16.  **Exhibit 1** made false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

17.  **Exhibit 1** threatened immediate action not intended and not taken within the time frame threatened, including legal action and transfer of the account to a collection agency.

18.  **Exhibit 1** created a false sense of urgency.

19.  CashNet did not file legal action against Mr. Dalton within the time frame threatened.

20.  CashNet did not transfer the account to a collection agency within the time frame threatened.

21.  On information and belief, Mr. Dalton contends CashNet had no intention on filing suit in Santa Clara County in the time frame threatened.

22.  A public review of public records reveals CashNet does not typically sue in Santa Clara County.

23.  Defendant's unlawful collection attempts caused Mr. Dalton to suffer severe mental distress, mental suffering, and/or mental anguish, in the form of distress, fear, nervousness, worry, loss of sleep, loss of appetite, and anxiety.

4

24. CashNet sent **Exhibit 1** to more than 40 persons in California, in the one-year preceding the filing of this complaint. Mr. Dalton may seek to amend to add class allegations at a later date.

## VI. FIRST CLAIM FOR RELIEF

**(California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)**

25. Plaintiff incorporates by reference each paragraph alleged above.

26. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.

27. Defendant violated Cal. Civil Code § 1788.17, by making false, deceptive and misleading statements, and making false threats of imminent suit.

28. Defendant violated Cal. Civil Code § 1788.13(j) by falsely threatening that a lawsuit was about to be filed.

29. Defendant violated Cal. Civil Code § 1788.13(k) by falsely threatening that Plaintiff's account was about to be referred to a debt collector for collection.

30. Defendant's acts described above were done willfully and knowingly with the purpose of coercing Mr. Dalton into repaying the alleged debt within the meaning of Cal. Civil Code § 1788.30(b).

31. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code "are intended to be cumulative and in addition to any other remedies under any other law."

32. As a result of the above violations of the FDCPA, Defendant is liable to Mr. Dalton for statutory damages, costs and attorney's fees.

5

1    WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

2  Defendant for the following:

3

4    A. Declaratory relief that Defendant's letter violated Civil Code § 1788 et seq.

5    B. Judgment that Defendant's conduct violated the Civil Code § 1788 et seq.

6    C. Statutory damages pursuant to Civil Code § 1788.17 and Civil Code § 1788.30.

7    D. Costs and reasonable attorney's fees pursuant to Civil Code § 1788.17 and Civil Code

8       § 1788.30.

9    E. Actual damages.

10   F. Grant such other and further relief as it deems just and proper.

11

12

13   _____          _6/29/07_
                                              Date
14   Ronald Wilcox
     Attorney for Plaintiff

15              DEMAND FOR JURY TRIAL

16  Please take notice that Plaintiff demand trial by jury in this action.

17

18   _____          _6/27/07_
     Ronald Wilcox                            Date

19

20

21

22

23

24

25

                                                        6

JUN-28-2007(THU) 15:10    ONE LEGAL, INC.                    (FAX)1+510+873+0984        P. 010/019

# Exhibit 1

10937882.tif - 6/28/2007 3:11:27 PM

JUN-28-2007(THU) 15:10    ONE LEGAL, INC.              (FAX)1+510+873+0984      P. 011/019

# CashNetUSAcom.

PO Box 18066
Hauppauge, NY 11788-8866

1002259-DEF2

(888) . - 9078
collections@cashnetusa.com
www.CashNetUSA.com

June 28, 2006

**Second Notice - Open Immediately**

************AUTO**MIXED AADC 117

EUGENE DALTON
1385 CASTLEMONT AVE 5
SAN JOSE, CA 95128-4482

| | |
|---|---|
| Account Number: | 1002259 |
| Due Date: | 2006-05-22 |
| Amount Due: | $304.72 |

## Demand For Payment

Dear Eugene,

On 2006-04-24 you received a cash advance from us in the amount of $250.00 in conjunction with a signed loan agreement to repay the loan on 2006-05-22. To date, your loan is past due and your customer status is "In Default".

If you do not resolve this matter immediately, your standing with other companies may be hurt and you may have trouble qualifying for an advance with us as well as with other providers in the future. Additionally, if we do not hear from you regarding this notice, we may pursue collections through the use of a third party collection agency and/or civil court proceedings.

You must contact us immediately to resolve this matter. In order to avoid further additional costs to you, we need to hear from you within (5) days from the receipt of this notice. Possible payment methods include:

- **ACH**: call us at 1-888-801-9078
- **Money Gram**: Code=3855, Account # = SSN
- **Western Union**: Code City = SG Investor, State = IL
- **Credit Card / Money Order / Certified Check**

**_** If you have already made payment arrangements for the entire balance, please disregard this letter **_**

Please detach and return the payment coupon with the payment in the enclosed envelope

▲ Detach Here ▲                                                                                   ▲ Detach Here ▲

EUGENE DALTON
1385 CASTLEMONT AVE 5
SAN JOSE, CA 95128-4482

| | |
|---|---|
| Account Number: | 1002259 |
| Due Date: | 2006-05-22 |
| Amount Due: | $304.72 |
| Amount Tendered: | _____ |

# CashNetUSAcom.

PO Box 06230
Chicago, IL 60606-0230

DEF2
403402

10937682.tif - 6/28/2007 3:11:27 PM

**EXHIBIT B**

JUN-28-2007(THU) 15:09   ONE LEGAL, INC.                (FAX)1+510+873+0984        P. 003/019

**SUM-100**

# SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2007 JUN 27 PM 2:00

KIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY____ DEPUTY
**B. CHOPOFF**

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
CASHNETUSA d/b/a CASH AMERICA NET OF CALIFORNIA, LLC

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
EUGENE DALTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:                    CASE NUMBER:
(El nombre y dirección de la corte es:)                 (Número del Caso):  **CV088846**
Superior Court of California, County of Santa Clara
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ronald Wilcox, Attorney at Law        Tel: (408) 296-0400
2160 The Alameda, Suite F, First Floor, San Jose, CA 95126

DATE:        **JUN 2 7 2007**        Clerk, by **KIRI TORRE**    **B. CHOPOFF**    , Deputy
(Fecha)                              (Secretario)                               (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): CashNet USA d/b/a Cash America Net of California, LLC

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                   **SUMMONS**           Code of Civil Procedure §§ 412.20, 465

10937682.tif - 6/28/2007 3:11:27 PM

**EXHIBIT C**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CASHNETUSA d/b/a CASH AMERICA NET OF CALIFORNIA, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EUGENE DALTON

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2007 JUN 27 PM 2:00

KIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY___                DEPUTY
                **B. CHOPOFF**

---

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: *(Número del Caso):* **CV088846** |

Superior Court of California, County of Santa Clara
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald Wilcox, Attorney at Law    Tel: (408) 296-0400
2160 The Alameda, Suite F, First Floor, San Jose, CA 95126

| | | | |
|---|---|---|---|
| DATE: **JUN 2 7 2007** *(Fecha)* | Clerk, by *(Secretario)* **KIRI TORRE** **B. CHOPOFF** | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Cash Net USA d/b/a Cash America Net of California, LLC

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*American LegalNet, Inc.*
*www.USCourtForms.com*

10937682.tif - 6/28/2007 3:11:27 PM

JUN-28-2007(THU) 15:10    ONE LEGAL, INC.                (FAX)1+510+873+0984        P.004/019

1 | Ronald Wilcox, Esq., 176601
2 | 2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
3 | Tel: (408) 296-0400
Fax: (408) 296-0486

4 | **ATTORNEY FOR PLAINTIFF**

ENDORSED

2007 JUN 27 PM 2: 00

FILED CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
DEPUTY
BY:
B. CHOPOFF

5

6 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SANTA CLARA**
7 | **(Unlimited Jurisdiction Division)**
**(Demand Exceeds $25,000)**

8

9 | EUGENE DALTON, )
10 |           Plaintiff, )
11 |      v. )   Civil Action No. **107    CV088846**
12 | CASHNETUSA d/b/a CASH AMERICA )
13 | NET OF CALIFORNIA, LLC, )   **VIOLATIONS OF CALIFORNIA FAIR**
                          )   **DEBT COLLECTION PRACTICES ACT –**
                          )   **CIVIL CODE § 1788**
14 |           Defendant. )

15

16 | **COMPLAINT**

17 | **DEMAND FOR JURY**

18

19 | **I. INTRODUCTION**

20 | 1. Plaintiff brings this complaint to redress Defendant's violations of the Rosenthal Fair

21 | Debt Collection Practices Act, California Civil Code § 1788 (hereinafter "state Act"),

22 | which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

23 | Plaintiff alleges that Defendant sent letters that were false, deceptive, and misleading, in

24 | violation of the debt collection laws.

25

1



10937682.tif - 8/28/2007 5:11:27 PM

2.     The act prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices.  Pursuant to Cal. Civil Code § 1788.1:  (a) The Legislature makes the following

findings:

(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## II.    JURISDICTION AND VENUE

3.     The court has jurisdiction over this action pursuant to California Civil Code § 1788.30(f),

which allows enforcement in any court of competent jurisdiction.

4.     This Court has jurisdiction over each defendant named herein because, based on

information and belief, each defendant is a corporation or association authorized to do

business in California and registered with the California Secretary of State, or does

sufficient business, has sufficient minimum contacts in California, is a citizen of

California, otherwise intentionally avails itself of the California market through

promotion, sale, marketing, and distribution of goods and/or services in California and

thereby having such other contacts with California so as to render the exercise of

jurisdiction over it by the California courts consistent with traditional notions of fair play

and substantial justice.

5.     Venue is proper because Defendant regularly conducts business in Santa Clara County,

and the debt collection contacts all occurred in Santa Clara County.

## III.    PARTIES

2

6.     Plaintiff EUGENE DALTON (hereinafter "Mr. Dalton") is a natural person residing in the city of San Jose, County of Santa Clara, California at the time the collection letters were sent.

7.     Mr. Dalton is a "debtor" as defined by Cal. Civil Code § 1788.2.

8.     Defendant CASHNETUSA d/b/a CASH AMERICA NET OF CALIFORNIA, LLC (hereinafter "CashNet"), is a Delaware corporation with its principal place of business located at 200 W. Jackson Street, Suite 2400, Chicago, IL 60606.

9.     CashNet regularly engages in the business of collecting debts on behalf of itself here in California.

10.     CashNet is a "debt collector" as defined by California Civil Code § 1788.2(c).

11.     At all times herein mentioned, each Defendant was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

## IV.  FACTUAL ALLEGATIONS

12.     Plaintiff Eugene Dalton (hereinafter "Mr. Dalton") incurred a financial obligation to CashNet. The debt was primarily incurred for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.     On or about June 28, 2006, CashNet sent a collection letter to Mr. Dalton in an attempt to collect a debt or collect payment on a debt. A true and correct copy of the June 28, 2006 collection letter is attached to the herein complaint as **Exhibit 1**.

14.     **Exhibit 1** contained a header that reads:

3

## Demand For Payment

15.   Exhibit 1 reads in part:

"If you do not resolve this matter immediately, your standing with other companies may be hurt and you may have trouble qualifying for an advance with us as well as with other providers in the future. Additionally, if we do not hear from you regarding this notice, we may pursue collections through the use of a third party collection agency and/or civil court proceedings.

You must contact us immediately to resolve this matter. In order to avoid further additional costs to you, we need to hear from you within (5) days from the receipt of this notice."

16.   Exhibit 1 made false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

17.   Exhibit 1 threatened immediate action not intended and not taken within the time frame threatened, including legal action and transfer of the account to a collection agency.

18.   Exhibit 1 created a false sense of urgency.

19.   CashNet did not file legal action against Mr. Dalton within the time frame threatened.

20.   CashNet did not transfer the account to a collection agency within the time frame threatened.

21.   On information and belief, Mr. Dalton contends CashNet had no intention on filing suit in Santa Clara County in the time frame threatened.

22.   A public review of public records reveals CashNet does not typically sue in Santa Clara County.

23.   Defendant's unlawful collection attempts caused Mr. Dalton to suffer severe mental distress, mental suffering, and/or mental anguish, in the form of distress, fear, nervousness, worry, loss of sleep, loss of appetite, and anxiety.

4

24. CashNet sent **Exhibit 1** to more than 40 persons in California, in the one-year preceding the filing of this complaint. Mr. Dalton may seek to amend to add class allegations at a later date.

## VI. FIRST CLAIM FOR RELIEF

**(California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)**

25. Plaintiff incorporates by reference each paragraph alleged above.

26. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.

27. Defendant violated Cal. Civil Code § 1788.17, by making false, deceptive and misleading statements, and making false threats of imminent suit.

28. Defendant violated Cal. Civil Code § 1788.13(j) by falsely threatening that a lawsuit was about to be filed.

29. Defendant violated Cal. Civil Code § 1788.13(k) by falsely threatening that Plaintiff's account was about to be referred to a debt collector for collection.

30. Defendant's acts described above were done willfully and knowingly with the purpose of coercing Mr. Dalton into repaying the alleged debt within the meaning of Cal. Civil Code § 1788.30(b).

31. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code "are intended to be cumulative and in addition to any other remedies under any other law."

32. As a result of the above violations of the FDCPA, Defendant is liable to Mr. Dalton for statutory damages, costs and attorney's fees.

5

1      WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

2  Defendant for the following:

3

.4      A. Declaratory relief that Defendant's letter violated Civil Code § 1788 et seq.

5      B. Judgment that Defendant's conduct violated the Civil Code § 1788 et seq.

6      C. Statutory damages pursuant to Civil Code § 1788.17 and Civil Code § 1788.30.

7      D. Costs and reasonable attorney's fees pursuant to Civil Code § 1788.17 and Civil Code

8         § 1788.30.

9      E. Actual damages.

10

11      F. Grant such other and further relief as it deems just and proper.

12

13  _____          _____
    Ronald Wilcox                    Date
14  Attorney for Plaintiff

15              DEMAND FOR JURY TRIAL

16  Please take notice that Plaintiff demand trial by jury in this action.

17

18  _____          _____
    Ronald Wilcox                    Date

19

20

21

22

23

24

25

6

JUN-28-2007(THU) 15:10     ONE LEGAL, INC.                    (FAX)1+510+873+0984          P. 010/019

# Exhibit 1

10937682.tif - 6/28/2007 3:11:27 PM

JUN-28-2007(THU) 15:10    ONE LEGAL, INC.    (FAX)1+510+873+0984    P. 011/019

## CashNetUSAcom.
PO Box 18066
Hauppauge, NY 11788-8866

L002259-DEF2

(888) - 9078
collections@cashnetusa.com
www.CashNetUSA.com

June 28, 2006

Second Notice - Open Immediately

**************AUTO**MIXED AADC 117
EUGENE DALTON
1385 CASTLEMONT AVE S
SAN JOSE, CA 95128-4482

| | |
|---|---|
| Account Number: | 1002259 |
| Due Date: | 2006-05-22 |
| Amount Due: | $304.72 |

---

### Demand For Payment

Dear Eugene,

On 2006-04-24 you received a cash advance from us in the amount of $250.00 in conjunction with a signed loan agreement to repay the loan on 2006-05-22. To date, your loan is past due and your customer status is "In Default".

If you do not resolve this matter immediately, your standing with other companies may be hurt and you may have trouble qualifying for an advance with us as well as with other providers in the future. Additionally, if we do not hear from you regarding this notice, we may pursue collections through the use of a third party collection agency and/or civil court proceedings.

You must contact us immediately to resolve this matter. In order to avoid further additional costs to you, we need to hear from you within (5) days from the receipt of this notice. Possible payment methods include:

- <u>ACH</u>: call us at **1-888-801-9078**
- <u>Money Gram</u>: Code=3855, Account # = SSN
- <u>Western Union</u>: Code City = SG Investor, State = IL
- <u>Credit Card / Money Order / Certified Check</u>

*** If you have already made payment arrangements for the entire balance, please disregard this letter ***

Please detach and return the payment coupon with the payment in the enclosed envelope

▲ Detach Here ▲                                                                         ▲ Detach Here ▲

EUGENE DALTON
1385 CASTLEMONT AVE S
SAN JOSE, CA 95128-4482

| | |
|---|---|
| Account Number: | 1002259 |
| Due Date: | 2006-05-22 |
| Amount Due: | $304.72 |
| Amount Tendered: | _____ |

## CashNetUSAcom.
PO Box 06230
Chicago, IL 60606-0230

DEF2
403402

10937682.tif - 6/28/2007 3:11:27 PM

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: **107**          **ATTACHMENT A**

**CV088646**

> ## READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons and Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

    **Warning:** If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: Kevin J Murphy                                     **DEPT: 22**

The first CMC is scheduled as follows: (Completed by Clerk of Court)
    Date: **NOV - 6 2007** Time: 3:00 PM Dept.: 22

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
    Date: _____ Time: _____ Dept.: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04                              **CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
   < The parties want a non-adversary procedure
   < The parties have a continuing business or personal relationship
   < Communication problems are interfering with a resolution
   < There is an emotional element involved
   < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/00

10937682.tif - 6/28/2007 3:11:27 PM

< Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after bearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
- < The action is for personal injury, property damage, or breach of contract
- < Only monetary damages are sought
- < Witness testimony, under-oath, is desired
- < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- < The parties are far apart in their view of the law or value of the case
- < The case involves a technical issue in which the evaluator has expertise
- < Case planning assistance would be helpful and would save legal fees and costs
- < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

10937682.tif - 6/28/2007 3:11:27 PM

**EXHIBIT D**

1  GREENBERG TRAURIG, LLP
   KATHLEEN E. FINNERTY (SBN 157638)
2  MARC B. KOENIGSBERG (SBN 204265)
3  1201 K STREET, SUITE 1100
   Sacramento, California  95817
4  Tel: (916) 442-1111
   Fax: (916) 448-1709
5  FinnertyK@gtlaw.com
6  KoenigsbergM@gtlaw.com

7  Attorneys for Defendant
   Cash America Net of California, LLC
8  dba CashNetUSA (sued erroneously herein
   as CashNetUSA dba Cash America
9  Net of California, LLC)

10

11              **SUPERIOR COURT OF CALIFORNIA**

12                **COUNTY OF SANTA CLARA**

13

14  EUGENE DALTON,                          CASE NO. 107 CV088846

15          Plaintiff,

16  vs.                                     **NOTICE TO ADVERSE PARTIES
                                            AND TO THE SUPERIOR COURT**
17  CASHNETUSA d/b/a CASH                   **OF REMOVAL TO FEDERAL
18  AMERICA NET OF CALIFORNIA,              COURT**
    LLC,
19                                          TRIAL DATE:          None
20          Defendant.

21

22

23

24

25

26

27

28

---
                                  1

1   **TO PLAINTIFF EUGENE DALTON, AND HIS ATTORNEYS OF**

2   **RECORD, AND TO THE CLERK OF THE SUPERIOR COURT:**

3       **PLEASE TAKE NOTICE THAT** a Notice of Removal of this action was filed

4   in the United States District Court for the Northern District of California on August 1,

5   2007.

6       A copy of the said Notice of Removal is attached to this notice as Exhibit A and

7   is served and filed herewith. The original Notice of Removal has been filed with the

8   United States District Court for the Northern District of California.

9       Pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the

10  United States District Court, together with the filing of said Notice of Removal with

11  this Court, effects removal of this action. Accordingly, the Court may proceed no

12  further in this action unless and until this case is remanded to this Court from the

13  United States District Court.

14

15  DATED: August _1_, 2007          GREENBERG TRAURIG, LLP

16

17

18                                   By: _Marc B. Koenigsberg_
                                         Kathleen E. Finnerty
19                                       Marc B. Koenigsberg
                                         Attorneys for Defendant
20                                       Cash America Net of California, LLC
                                         dba CashNetUSA (sued erroneously herein
21                                       as CashNetUSA dba Cash America
                                         Net of California, LLC)
22

23

24

25

26

27

28

**NOTICE TO ADVERSE PARTIES AND TO THE
SUPERIOR COURT OF REMOVAL TO FEDERAL COURT**

1                      **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

3      I am employed in the aforesaid county, State of California; I am over the age of 18
years and not a party to the within action; my business address is **1201 K Street, Suite**
4 **1100, Sacramento, CA 95814**

5      On August 1, 2007, I served the **NOTICE TO ADVERSE PARTIES AND TO
THE SUPERIOR COURT OF REMOVAL TO FEDERAL COURT** on the interested
6 parties in this action by placing the true copy thereof, enclosed in a sealed envelope,
postage prepaid, addressed as follows:
7

8                 Ronald Wilcox, Esq.
         2160 The Alameda, First Floor, Suite F
9             San Jose, CA  95126
          Telephone: (408) 296-0400
10           Facsimile: (408) 296-0486

11 ☒  **(BY MAIL)**

12    ☒ I am readily familiar with the business practice of my place of employment in
respect to the collection and processing of correspondence, pleadings and notices
13    for mailing with United States Postal Service.  The foregoing sealed envelope
was placed for collection and mailing this date consistent with the ordinary
14    business practice of my place of employment, so that it will be picked up this
date with postage thereon fully prepaid at Sacramento, California, in the ordinary
15    course of such business.

☐  **(BY FEDERAL EXPRESS)**
16    I am readily familiar with the business practice of my place of employment in
respect to the collection and processing of correspondence, pleadings and notices
17    for delivery by Federal Express.  Under the practice it would be deposited with
Federal Express on that same day with postage thereon fully prepared at
18    Sacramento, California in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if delivery by Federal
19    Express is more than one day after date of deposit with Federal Express.

20 ☐  **(BY FACSIMILE)**
   On Type Date here, I transmitted the foregoing document(s) by facsimile sending
21    number.  Pursuant to rule 2009(i)(4), I caused the machine to print a transmission
record of the transmission, a true and correct copy of which is attached to this
22    declaration.

☐  **(BY PERSONAL SERVICE)**
23    I delivered such envelope by hand to the offices of the addressee.  Executed on
Type Date here, at Sacramento, California.
24 ☒  **(STATE)**     I declare under penalty of perjury under the laws of the State of
                California that the foregoing is true and correct.
25

26      Executed on **August 1, 2007**, at Sacramento, California.

27                                   Jolene M. Gordo

28